JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTUR ARTENYAN, et al., | Case No. CV 25-0475 FMO (MAAx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

    Plaintiffs filed their complaint on January 17, 2025. (Dkt. 1, Complaint). On July 18, 2025, the court issued an Order to Show Cause ("OSC") why this case should not be dismissed for lack of prosecution. (See Dkt. 39, Court's Order of July 18, 2025). The OSC stated that it would stand submitted upon the filing, on or before July 25, 2025, of an answer by all defendants, or an application for entry of default. (See id.). A written response to the Order to Show Cause was also ordered to be filed no later than July 25, 2025. (See id.).

    On July 25, 2025, plaintiffs filed a response to the order to show cause, indicating that they would file a new request for entry of default – not by the court's deadline of July 25, 2025, but rather, "on or before August 3, 2025." (See Dkt. 40, Response to Order to Show Cause at 2). Plaintiffs filed their request for entry of default on August 4, 2025. (See Dkt. 41, Request for Entry of Default). However, on August 5, 2025, the Clerk issued a Notice of Deficiency as to the request

for entry of default, declined to enter default, and forwarded plaintiffs' request to this court. (See Dkt. 42, Notice of Deficiency).

This is the third time plaintiffs have filed a request for entry of default. (See Dkts. 22, 25, 41, Requests for Entry of Default). It is also the third time that plaintiffs' request has been declined by the Clerk for deficiencies in plaintiffs' proofs of service. (See Dkts. 23, 26, 42, Notices of Deficiency). Following plaintiffs' second request for entry of default, the clerk issued an Amended Notice of Deficiency advising plaintiffs of the specific deficiencies in their proofs of service. (See Dkt. 28, Amended Notice of Deficiency, Attachment A at ¶¶ 1-4). These deficiencies included: (1) plaintiffs' failure to show that service was executed by registered or certified mail by attaching executed, signed postal receipts; (2) plaintiffs' failure to submit proof of service as to the U.S. Attorney's Office; and (3) plaintiffs' failure to submit proof of service as to the Attorney General of the United States. (See id.).

In an Order filed on May 5, 2025, the court stated that plaintiff "ha[d] not properly served defendants, including failing to serve the Attorney General of the United States and United States Attorney for the Central District of California," and directed plaintiffs to serve defendants no later than June 2, 2025 and file proofs of service no later than June 4, 2025. (See Dkt. 29, Court's Order of May 5, 2025 at 1). Plaintiffs were admonished that "[n]o further extensions w[ould] be granted." (See id.).

Although plaintiffs refiled their proofs of service, none include postal receipts demonstrating proper service by registered or certified mail. (See Dkts. 30-38, Proofs of Service). Instead, plaintiffs' proofs of service once again simply attached the tracking numbers and delivery updates that the Clerk previously advised plaintiffs were insufficient. (See id.). Additionally, plaintiffs still have not filed proof of service as to the United States Attorney for the Central District of California. (See, generally, id.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-

30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, it has been nearly seven months since the filing of the instant action, and plaintiffs, who are represented by counsel, still have not been able to effect service properly. Nor have plaintiffs complied with the court's orders. Accordingly, pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order to Show Cause issued on July 18, 2025 (Dkt. 39) and the Court's Order of May 5, 2025 (Dkt. 29), is appropriate.

Based on the foregoing, IT IS ORDERED that the above-captioned case is dismissed, without prejudice, for lack of prosecution and for failure to comply with the orders of the court, pursuant to Local Rule 41. See also Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

Dated this 15th day of August, 2025.

/s/
Fernando M. Olguin
United States District Judge